**Ex parte Paul Richard COLELLA.**

**No. 37418-01.**

Court of Criminal Appeals of Texas, En Banc.

July 15, 1998.

Edmund K. Cyganiewicz, Brownsville, for appellant.

John A. Olson, Asst. Dist. Atty., Brownsville, Matthew Paul, State's Atty., Austin, for the State.

BAIRD, Judge, dissenting.

This is a post-conviction application for writ of habeas corpus filed pursuant to Tex. Code Crim. Proc. Ann. art. 11.071. Applicant is represented by counsel appointed by this Court. The instant application presents four claims for relief which allege serious constitutional violations. However, the majority dismisses the application because counsel did not file the application timely. *Id.*, at § 5. I dissent for the reasons stated in *Ex parte Smith*, 977 S.W.2d 610 (Tex.Cr.App. 1998), but add the following comments.

Attached as Appendix A is an "Agreed Order Extending Time to File Application for Writ of Habeas Corpus," extending the time for filing the application until September 22, 1997.[1] This order is signed by the Presiding Judge, the Assistant District Attorney, and counsel appointed by this Court. A cursory reading of Tex.Code Crim. Proc. Ann. art. 11.071 § 4 demonstrates the instant application was due August 19, 1997. However, it appears the parties believed they could agree to give applicant additional time. Sadly, every party misconstrued the law and this Court refuses, again, to exercise our original jurisdiction. *See,* Tex. Const. art V, sec. 5. Today, the majority summarily denies *any* habeas review to applicant through their actions. Accordingly, I dissent.

OVERSTREET and PRICE, JJ., join.

---

1. The application was ultimately filed on September 25, 1997. The State did not move to dismiss the application as untimely filed and addressed the writ on the merits as did the habeas judge in his order.

APPENDIX "A"

CAUSE NO. 92-CR-0173-E

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| PAUL RICHARD COLELLA | * | 357TH JUDICIAL DISTRICT |

AGREED ORDER EXTENDING TIME TO FILE APPLICATION FOR
WRIT OF HABEAS CORPUS

On the 20th day of May, 1997, came on for consideration the request of Paul Richard Colella, through his court-appointed attorney, and with agreement of the State of Texas, for an extension of time and file an application for writ of habeas corpus in this cause (Court of Criminal Appeals of Texas No. 71,541); and after considering the same, the Court, in the interest of justice, is of the opinion that the motion for extension of time to file an application for writ of habeas corpus should be granted:

IT IS THEREFORE ORDERED that the motion for extension of time to file an application or writ of habeas corpus is hereby granted.

IT IS FURTHER ORDERED that the deadline for the filing of an application for writ of habeas corpus in this cause be extended until September 22, 1997.

Signed this the 20th day of May, 1997.

_____
JUDGE PRESIDING

Agreed to by:

_____
EDMUND K. CYGANIEWICZ
Attorney for Paul Richard Colella

_____
JOHN OLSON
Assistant District Attorney

copy to
Hon. Edmund D. Cyganiewicz
Hon. John Olson

FILED 11:37 O'CLOCK ___ P.M
AURORA DE LA GARZA, DIST Cl

MAY 2 0 1997

DISTRICT COURT, CAMERON COUNTY, TEXAS

19

---

OVERSTREET, Judge, dissenting.

Today the majority gives a new meaning to the lady with a blindfold holding the scales of justice, as it dispatches three indigent death row inmates toward the execution chamber without meaningful review of their habeas claims. *Ex parte Laroyce Lathair Smith,* 977 S.W.2d 610 (Tex.Cr.App.1998), *Ex parte Roberto Moreno Ramos,* 977 S.W.2d 616

(Tex.Cr.App.1998), and *Ex parte Paul Richard Colella*, 977 S.W.2d 621 (Tex.Cr.App. 1998), *Smith* by written opinion, *Ramos* and *Colella* by written orders. My previous dissent in *Smith* is withdrawn and replaced with this dissenting opinion.

To dismiss *Smith* and *Colella* as abuse of writ because their lawyers untimely filed writ applications borders on barbarism because such action punishes the applicant for his lawyer's tardiness. It would be fair to punish the attorney by not providing payment. It would also be fair to the applicant, and serve the concept of justice better, to appoint a new lawyer and reinitiate the timetable. Must the indigent Texas Death Row inmate suffer the ultimate punishment of death without benefit of State habeas review because of his lawyer's tardiness? A majority of this Court says "yes," but I say "no," even if I stand alone. I shall address all three of these cases together.

One common thread in all three cases is that applicants are indigent death row inmates who requested the appointment of a lawyer, this Court appointed lawyers to represent them, and all three lawyers filed applications after the 90th day, which is clearly outside of the time limit set out in the statute, Article 11.071, V.A.C.C.P. *Smith* is dismissed as not timely filed because of a 9–day delay. *Colella* is dismissed as not timely filed because of a 37–day delay. *Ramos* is denied on the merits even though there is a 2–day delay in filing, with such delay being excused on Texas Constitutional grounds of due course of law because the lawyer relied on incorrect instructions from the trial court instead of reading and understanding the law himself. Apparently in some situations, death row inmates are due a little more due course of law than in others.

In *Smith*, Judge Womack is critical of me because I speak and write of being fair. He also pays lip service to "[o]ur oaths are to uphold the constitutions and laws.... The law is clear: this court shall dismiss this application because it was filed late." *Smith, supra*, 977 S.W.2d at 611. My question of Judge Womack can be answered "yes" or

"no"—Was the application in *Ramos* filed late? The answer leaps out as "yes." The Judge who said the law is clear now deviates. At least Judge Keller, even though I disagree with her position, has the courage to interpret the law the same way each time. The Court seems unwilling to effectuate the entire will of the Legislature when it enacted Article 11.071. It goes without saying that the Legislature wanted to speed up the process and add finality to the disposition of death penalty cases. However, I do not believe that the Legislature intended to throw the Constitution on its head and fairness out the door. The majority also seems unwilling to take into consideration how its disposition of these applications affects the ability of the death row inmates to seek federal review. Apparently, pursuant to federal law, including The Anti–Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2261 et seq., death penalty applicants who seek federal habeas review are subject to procedural default holdings if they do not properly pursue their claims to a resolution before this Court. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)

If a lawyer's actions deny an indigent death row applicant meaningful review of his claims, then I question whether the inmate standing in line to be executed has received effective assistance of counsel. Commonsense tells me that if you do not have effective assistance of counsel, with all due respect, I consider that worse than having no lawyer at all because having an ineffective lawyer gives a sense of legitimacy to the proceeding, yet the degree of assistance may be equivalent to not having a lawyer at all.

The only thing consistent about the majority's disposition of these cases is its inconsistency, the apparent need to justify its disposition in the cases without regard to the legislative intent of the statute and/or fairness, and a reckless disregard of the law based on its own stare decisis. Without a doubt, *Smith* and *Colella* are being treated differently than *Ramos*. Therein lies the criticism of death penalty litigation. Some are being treated differently than others, and

today the Court clearly throws gasoline on the fire.

For these reasons, I dissent to the disparate treatment of the indigent death row inmates of Texas and specifically to the disposition of *Smith* and *Colella.*  I concur only in the decision to deny relief in *Ramos.*